962 F.2d 10
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Quoradalis SANDERS, Plaintiff-Appellant,
v.
Lt. Gregory HEITZKEY, Sgt. Stevens, Sgt. Delvaux, Officer
Gilmet, Sgt. Cook and Officer Drenski, Defendant-Appellees.
 No. 91-1587.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 23, 1992.*
Decided May 11, 1992.
 
 Before BAUER, Chief Judge, and COFFEY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Quoradalis Sanders appeals the district court's grant of the defendants' motion for summary judgment. Sanders filed a complaint pursuant to 42 U.S.C. § 1983 alleging that defendants violated his constitutional rights when they subjected him to a body cavity search without medical staff present. The district court concluded that Sanders was subjected to a constitutional visual strip search and not a body cavity search, and granted summary judgment for the defendants. Because Sanders has waived his only appealable claim, we affirm.
 
 DISCUSSION
 
 2
 In district court Sanders challenged a strip search which took place prior to his entering a segregation unit. Inexplicably, Sanders has completely failed to address the constitutionality of the strip search in his brief before this court. His brief is void of any discussion of the search and he makes no legal argument that the search was unconstitutional.
 
 
 3
 Failure to raise an issue on appeal results in waiver of that issue. Landstrom v. Illinois Department of Children & Family Services, 892 F.2d 670, 678 (7th Cir.1990). In order to preserve a claim on appeal, an appellant must present an argument accompanied by relevant authority. United States v. Papia, 910 F.2d 1357, 1363 (7th Cir.1990). Fed.R.App.P. 28. It is not the job of the appellate court to research the law to support an appellant's argument. Papia at 1363. Because Sanders has made no argument to support his claim, his brief is inadequate under Rule 28 and consequently the issue is waived.
 
 
 4
 Instead of addressing the constitutionality of the strip search, Sanders argues that the proceedings at the disciplinary hearing which resulted in his being placed in segregation deprived him of due process and equal protection. Because this claim was never raised before the district court, and the ends of justice do not demand excusal of waiver, the claim is waived. Amplicon Leasing v. Coachmen Industries, Inc., 910 F.2d 468, 471 (7th Cir.1990).
 
 CONCLUSION
 
 5
 Because Sanders has waived the only issue that was before the district court, the decision of the district court granting defendants' motion for summary judgment is
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to the Need for Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs